SUMMARY ORDER
Plaintiff, a New York prison inmate, brought the underlying action pro se on October 14, 2005 in the United States District Court for the Northern District of New York pursuant to 42 U.S.C. § 1983, alleging that defendants—all officials at the Gouverneur Correctional Facility in New York (“Gouverneur”)—had violated his Eighth Amendment right to be free from cruel and unusual punishment. Specifically, plaintiff alleged that Gouverneur, where he was then an inmate, allowed the sale of tobacco products at the inmate commissary, which plaintiff claimed was “a danger to my health.” Appellant’s App. at 7. On June 13, 2006, the District Court entered a Memorandum-Decision and Order dismissing plaintiffs complaint for failure to “set forth a short and plain statement of his claim demonstrating that he is entitled to relief for the alleged violation of his constitutional rights.” Id. at 18. Noting plaintiffs pro se status, the District Court directed plaintiff to file an amended complaint within thirty days. On June 22, 2006, plaintiff, who had by then been transferred to the Walsh Regional Medical Unit of the Mohawk Correctional Facility in New York (“Walsh”), filed an amended complaint, which alleged that he was exposed to environmental tobacco smoke (“ETS”) in a shared bathroom, and that defendants were at least aware of a grievance he had made on July 7, 2005, regarding the sale of tobacco products at Gouverneur. On November 15, 2006, the District Court dismissed the amended complaint sua sponte for failure to state an Eighth Amendment claim. This appeal followed. We assume the parties’ familiarity with the remaining factual and procedural history of the case.
“[A] plaintiff ‘states a cause of action under the Eighth Amendment by alleging that prison officials have, with deliberate indifference, exposed him to levels of ETS that pose an unreasonable risk of serious damage to his future health.’ ” Davis v. New York, 316 F.3d 93, 100 (2d Cir.2002) (alterations omitted), quoting Helling v. McKinney, 509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). Specifically, a plaintiff must show that the risk was “so grave that it violates contemporary standards of decency,” Helling, 509 U.S. at 36, 113 S.Ct. 2475, and that defendants were deliberately indifferent in that “the acts of *255 defendants involved more than lack of due care, but rather involved obduracy and wantonness in placing [plaintiffs] health in danger .... [i]n other words ... defendants knew of the health dangers and yet refused to remedy the situation,” LaBounty v. Coughlin, 137 F.3d 68, 72-73 (2d Cir.1998).
With respect to plaintiffs claims of exposure to ETS at Walsh, he has not alleged how the named defendants—officials at Gouverneur—knew anything about the conditions at Walsh, a separate facility. Accordingly, he cannot show that they were deliberately indifferent to the risk of ETS at Walsh. With respect to a claim of ETS exposure at Gouverneur, plaintiffs only allegation concerning defendants’ knowledge is that they received his complaint about the sale of tobacco products at the inmate commissary. In that complaint, plaintiff did not state that he was being exposed to ETS, but only that he could smell cigarette smoke on other inmates’ clothes and on their person. Accordingly, he has not shown that defendants were aware of a risk to plaintiff “so grave that it violates contemporary standards of decency.” Helling, 509 U.S. at 36, 113 S.Ct. 2475. We conclude that plaintiff has failed to state an Eighth Amendment claim based on ETS exposure at either facility, and affirm the November 15, 2006 judgment of the District Court.[1]

CONCLUSION

For the reasons stated above, the judgment of the District Court is AFFIRMED.

. Because we conclude that the District Court properly dismissed plaintiff's amended complaint for failure to state a claim, we need not reach the issue of whether the District Court erred in dismissing the complaint for failure to comply with the District Court’s order to file an inmate authorization form as required by Rule 5.4(b) of the Local Rules of Practice of the Northern District of New York.